IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| EURAL BLACK, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 5:18-00971 |
| ) | |
| DAVID L. YOUNG, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss, or in the Alternative, To Transfer." (Document No. 10.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's above Motion should be granted.

**FACT AND PROCEDURE**

A.   **Criminal Action No. 1:05-cr-00070:**

On May 11, 2007, Petitioner was convicted by a jury in the Northern District of Illinois of one count of racketeering in violation of 18 U.S.C. § 1962(d) (Count One of Second Superseding Indictment ("ss")); two counts of conspiracy and attempt to distribute a controlled substance in violation of 21 U.S.C. § 846 (Counts 2ss and 5ss); one count of conspiracy to commit robbery in violation of 18 U.S.C § 1951 (Count 3ss); one count of possession of a firearm during a drug trafficking offense and crime of violence as set forth in Counts One, Two, and Three in violation

of 18 U.S.C. § 924(c) (Count 4ss);[1] one count of robbery in violation of 18 U.S.C. § 1951 (Count 6ss); one count of possession of a firearm during trafficking offense and crime of violence as set forth in Counts Five and Six in violation of 18 U.S.C. § 924(c)(Count 7ss); and one count of possession of marijuana in violation of 21 U.S.C. § 844 (Count 13ss). United States v. Black, Case No. 1:05-cr-00070 (N.D.Ill. Jan. 3, 2008), Document Nos. 282 and 373. On January 3, 2008, the District Court sentenced Petitioner to total sentence of 40 years of imprisonment to be followed by a 5-year term of supervised release. Id., Document No. 531.

On February 15, 2008, Petitioner filed a Notice of Appeal. Id., Document No. 507. In his appeal, Petitioner argued as follows: (1) Trial evidence was insufficient to support his conspiracy convictions, resulting in a fatal variance between the conspiracy charged and the conspiracy proved at trial; and (2) Trial evidence was insufficient to support his firearms convictions under Section 924(c). Id., Document No. 641. By Opinion Order entered on September 17, 2009, the Seventh Circuit Court of Appeals affirmed Petitioner's convictions. Id.; United States v. Haynes, 582 F.3d 686 (7th Cir. 2009).

**B.     Section 2255 Motion:**

On March 4, 2011, Petitioner filed in the Northern District of Illinois a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. United States v. Black, Case No. 11-cv-1554 (N.D.Ill. Dec. 6, 2011), Document No. 1. In his Motion, Petitioner argued that trial counsel was ineffective in the following: (1) Failing to object to Petitioner being called a "rogue

---

[1] The Second Superseding Indictment charged Petitioner "knowingly possessed a firearm in furtherance of, and used, carried, and brandished a firearm during and in relation to, a drug trafficking crime and crime of violence, in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Sections 1951 and 1962, as more fully set forth in Counts One, Two, and Three of this indictment, which crimes may be prosecuted in a Court of the United

cop" during the Government's opening statements; (2) Advising Petitioner to not testify; (3) Failing to request a continuance to allowing proper preparation in light of the second superseding indictment and additional discovery; (4) Failing to argue insufficient evidence; (5) Failing to challenge the Section 924(c) instruction; (6) Failing to challenge his 25 year consecutive sentence for violating Section 924(c) as "grossly disproportionate;" (7) Failing to emphasize the "overwhelming disparity in the sentences between Johnson and Petitioner;" (8) Failing to file pretrial motions concerning the scope of the conspiracy; and (9) Failing to request any type of "multiple conspiracy instructions." Id. On April 11, 2011, the United States filed its Response in Opposition. Id., Document No. 6. By Memorandum Opinion and Order entered on December 6, 2011, the District Court denied Petitioner's Section 2255 Motion. Id., Document Nos. 9 and 10; United States v. Black, 2011 WL 6058584 (N.D.Ill. Dec. 6, 2011).

C.  **Section 2241 Petition:**

On May 30, 2018, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241 and Memorandum in Support.[2] (Civil Action No. 5:18-00971, Document Nos. 1 and 2.) Petitioner challenges the validity of his conviction and sentence arguing that "[d]ue to intervening changes in Circuit law, Movant's Count Four § 924(c) sentence requires reversal since it may be premised upon an unconstitutional statutory definition, and his Count Seven § 924(c) offense must be vacated as a matter of statutory construction." (Id.) Concerning Count Four, Petitioner argues that "after Movant's initial § 2255 motion, the Seventh Circuit has

---

States; in violation of Title 18, United States Code, Sections 924(c) and 2."

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3

decided a case that would require reversal of Movant's § 924(c) sentence for Count Four." (Id.) Citing United States v. Cardena, 842 F.3d 959, 995-96 (7th Cir. 2016), Petitioner argues that the Seventh Circuit "applies its prior decisions in United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015) and the Supreme Court's rationale in Johnson v. United States, 192 L.Ed.2d 569 (2015) to hold that § 924(c)(3)(B) is unconstitutionally vague." (Id.) Concerning Count Seven, Petitioner argues that United States v. Cureton, 739 F.3d 1032 (7th Cir. 2014) "would dictate that Movant cannot stand convicted of two § 924(c) offenses." (Id.) Petitioner concludes that his sentence on Count Four requires reversal and his conviction as to Count Seven must be vacated. (Id.) Petitioner argues that he can meet the requirements of the savings clause because Section 2255 is inadequate or ineffective. (Id.)

By Order entered on June 12, 2018, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.) On July 24, 2018, Respondent filed his "Response to the Order to Show Cause and Motion to Dismiss, or in the Alternative, to Transfer." (Document No. 10.) Respondent first argues that Petitioner's Petition should be dismissed as inappropriate under Section 2241. (Id., pp. 3 – 5.) Respondent next argues that considering the Petition under Section 2255, Petitioner claims are without merit and should be dismissed rather than transferred. (Id., pp. 5 – 8.) Respondent explains that Petitioner's Petition would constitute a successive Section 2255 Motion if transferred to the Northern District of Illinois. (Id.) Respondent further explains that Petitioner's Petition does not contain meritorious claims under 28 U.S.C. § 2255(h) if transferred to the Seventh Circuit for authorization to file a successive Section 2255 Motion. (Id.) Finally,

Respondent argues that "if this Court decides not to dismiss this action, in the alternative, it should transfer it to the Northern District of Illinois or the Seventh Circuit." (Id., p. 8.)

By Order and Notice entered on July 24, 2018, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 11.) On August 24, 2018, Petitioner filed his Reply. (Document No. 15.) Petitioner continues to argue that he is entitled to relief under Section 2241 based upon Cardena and Cureton. (Id.) Petitioner again cites In re Jones and Wheeler arguing that he can meet the requirements of the "savings clause." (Id.) Petitioner, therefore, concludes that his Section 2241 Petition should be granted. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters

pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence as imposed by the Northern District of Illinois. Specifically, Petitioner contends that his conviction and sentence as to Counts Four and Seven are now invalid in light of Johnson, Cardena, and Cureton. Thus, Petitioner requests that his convictions and sentences be vacated as to Counts Four and Seven. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion, or Motion for Authorization to File a Successive Section 2255 Motion, and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255

provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Illinois. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Seventh Circuit Court of Appeals based upon the foregoing claims.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Petitioner has not obtained authorization to file a successive Section 2255 Motion concerning his *Johnson* claim. For reasons explained below, the undersigned recommends that Petitioner's Petition be construed as a request for authorization to file a

proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing

---

successive Section 2255 Motion and transferred to the Seventh Circuit.

challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to

---

[4] In Wheeler, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on

Section 2241. First, Petitioner challenges the validity of his Section 924(c) conviction as to Count Seven based upon United States v. Cureton, 739 F.3d 1032 (7th Cir. 2014). Petitioner's reliance upon Cureton is misplaced. In Cureton, the Seventh Circuit vacated one of defendant's Section 924(c)(1)(A)(i) convictions where both convictions derived from the single act of the defendant holding a gun to his roommate's head. Id. Unlike Cureton, Petitioner's Section 924(c) conviction as charged in Count Seven was not based upon the same use of a firearm as charged in Count Four. In Count Four, Petitioner was charged with the possession of a firearm in furtherance of and using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime and crime of violence as set forth in Counts One, Two, and Three. See Black, 1:05-cr-000070, Document No. 282. In Count Seven, Petitioner was charged with the possession of a firearm in furtherance of and using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime and crime of violence as set forth in Counts Five and Six.[5] Id.

---

October 3, 2018. *United States v. Wheeler*, Case No. 18-00420.

[5] Count Five charged the possession with the intent to distribute a controlled substance and Count Six charged Hobbs Act robbery concerning 8500 block of South Ashland Avenue in Chicago. *See Black*, 1:05-cr-000070, Document No. 282. A clear majority of Circuit Courts, including the Seventh Circuit, have concluded that Hobbs Act robbery is a valid Section 924(c) predicate offense under the "force clause" of Section 924(c). *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Meigar-Cabrera*, 892 F.3d 1053, 1064-65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2nd Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Howard*, 650 Fed.Appx. 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *Allen v. United States*, 2019 WL 459699, * 2 (D.S.C. Feb. 5, 2019); *United States v. Carter*, 2019 WL 321407, * 9 (E.D.Va. Jan. 24, 2019); *United States v. Johnson*, 2017 WL 2531582, * 6 – 7 (S.D.W.Va. June 9, 2017)(J. Johnston); *Harkum v. United States*, 2016 WL 5137417, * 4 (N.D.W.Va. Sept. 21, 2016); *also see United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017)(finding that even though "residual clause" of Section 924(c)(3)(B) is unconstitutionally vague post-*Johnson*, a Hobbs Act robbery is still properly considered a "crime of violence" or sentencing-enhancement purposes because it met the definition stated in the "elements clause" at Section 924(c)(3)(A).) Petitioner does not dispute his

Further, Petitioner does not allege that <u>Cureton</u> was a substantive change in settled law of this Circuit or the Supreme Court occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Petitioner's reliance upon <u>Cureton</u> is misplaced as such does apply retroactively in this Circuit.

Second, Petitioner challenges the validity of his Section 924(c) conviction as to Count Four based upon <u>Johnson</u> and <u>Cardena</u>. In <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." <u>Johnson</u>, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." <u>Id.</u> On April 18, 2016, the United States Supreme Court determined that <u>Johnson</u> announced a new substantive rule that applies retroactively to

---

convictions as to Counts Five and Six, which were predicate offenses for his Section 924(c) conviction as charged in Count Seven. Since Petitioner was convicted of both the drug trafficking offense (Count Five) and a crime of violence (Count Six), Petitioner challenge to his Section

cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

Section 924(c)(1)(A) prohibits the possession of a firearm in furtherance of a "crime of violence" *or* a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" 18 U.S.C. § 924(c)(3)(B)(emphasis added). The italicized portion above is known "residual clause" of Section 924(c)(3). In contrast, the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon a finding that the definitions of "crime of violence" in Section 924(c)(3)(B) and the ACCA's "residual clause" were "virtually indistinguishable," the Seventh Circuit held that Section 924(c)(3)(B)'s "residual clause" was unconstitutionally vague. United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016).

In Sessions v. Dimaya, the United States Supreme Court recently held that the residual clause contained in 18 U.S.C. § 16(b) of The Immigration and Nationality Act ["INA"] was unconstitutionally vague. Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 1223, 200 L.Ed.2d 549 (2018). The Supreme Court reasoned that the logic of its decision in Johnson, where the ACCA's "residual clause" was determined to be unconstitutionally vague, required the same result when considering the "residual clause" of 18 U.S.C. § 16(b). Id. at 1216. Since the

---

924(c) offense as charged in Count Seven is without merit.

"residual clauses" of Section 16(b) and Section 924(c)(3)(B) are nearly identical, the Fourth Circuit has generally "treated precedent respecting one as controlling analysis for the other." In re Hubbard, 825 F.3d 225, 231 n. 3 (4th Cir. 2016). Based upon the Dimaya decision, the Fourth, Fifth, Tenth, and D.C. Circuit Courts have determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. See United States v. Simms, 914 F.3d 229, 233 (4th Cir. Jan. 24, 2019); United States v. Salas, 889 F.3d 681 (10th Cir. 2018); United States v. Davis, 903 F.3d 483 (5th Cir. 2018), cert. granted, 2019 WL 98544(Jan. 4, 2019); and United States v. Eshetu, 898 F.3d 36 (D.C. Cir. 2018); but also see United States v. Douglas, 907 F.3d 1 (1st Cir. 2018)(finding *Dimaya* does not require similar result for the residual clause of Section 924(c)); In re Garrett, 908 F.3d 686 (11th Cir. 2018)(same); United States v. Barrett, 903 F.3d 166 (2nd Cir. 2018)(same). Recently, the Seventh Circuit further recognized that Dimaya may also bear on the constitutionality of "residual clause" of Section 924(c)(3)(B). United States v. Allen, 2019 WL 458891, * 2 (7th Cir. Feb. 6, 2019)( "At most, *Dimaya* bears on the constitutionality of the residual clause, 18 U.S.C. § 924(c)(3)(B), which does not apply in Allen's case and thus does not impact his conviction.") As stated above, the Seventh Circuit determined, prior to the Dimaya decision, that the "residual clause" of Section 924(c)(3)(B) was unconstitutionally vague based upon the decision in Johnson. Cardena, 842 F.3d at 996.

In the instant case, Petitioner challenges the validity of his conviction and sentence arguing that "[d]ue to intervening changes in Circuit law, Movant's Count Four § 924(c) sentence requires reversal since it may be premised upon an unconstitutional statutory definition." Petitioner specifically relies upon the Seventh Circuit's decision in Cardena, which in turn is based upon the Supreme Court's decision in Johnson. The undersigned notes that since

the filing of the instant Petition, the Supreme Court also issued its decision in Dimaya. First, Petitioner's reliance upon Cardena for purposes of his Section 2241 Petition is misplaced as such does apply retroactively in this Circuit. Second, the undersigned finds that Petitioner cannot establish that Section 2255 is inadequate or ineffective to test the legality of conviction or sentence. Similar to Johnson, Dimaya declared that a portion of a statute was invalid on constitutional grounds. Therefore, Johnson and Dimaya are constitutional holdings and not statutory holdings. Thus, Petitioner may argue that the rules announced in Johnson and Dimaya are applicable to his conviction under Section 2255(h)(2). See Ruiz v. United States, No. 16-1193 (7Th Cir. Feb. 19, 2016)(allowing petitioner to file a successive Section 2255 petition based on *Johnson* in a Section 924(c) case). The undersigned will therefore "take a peek" into the merits to determine whether Petitioner's Petition should be transferred to the Seventh Circuit as a request for authorization to file a successive Section 2255 Motion.[6]

Taking a peek into the merits, the undersigned finds that Petitioner's Petition should be transferred to the Seventh Circuit. As stated above, Section 924(c)(1)(A) prohibits the possession of a firearm in furtherance of a "crime of violence" *or* a drug trafficking crime. In Count Four, Petitioner was charged with knowingly possessing a firearm in furtherance of, "and used, carried, and brandished a firearm during and in relation to, a drug trafficking crime **and** crime of violence, in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Sections 1951 and 1962, *as more fully set forth in Counts One, Two, and Three of this*

---

[6] In considering whether to construe Petitioner's Section 2241 Petition as a request for authorization to file a successive Section 2255 Motion and transferring such to the Seventh Circuit, the undersigned declines to consider the possible timeliness of Petitioner's Section 2255 Motion. Whether a Section 2255 motion is timely is not relevant to whether the applicant can obtain permission to bring a second or successive Section 2255 Motion. The question of

*indictment*, which crimes may be prosecuted in a Court of the United States; in violation of Title 18, United States Code, Sections 924(c) and 2." See Black, 1:05-cr-000070, Document No. 282(emphasis added). First, Petitioner does not dispute that he was properly convicted of Counts One, Two, or Three. Petitioner, however, argues that the jury returned a general verdict of guilty as to Count Four and it is unclear as to which offense the jury determined was the predicate offense (Count One, Two, or Three) for his Section 924(c) conviction. To the extent the jury may have relied upon Count Three as the predicate offense, Petitioner argues that conspiracy to commit Hobbs Act robbery does not constitute a "crime of violence." Under Section 924(c)(1)(A), there are two ways an offense may qualify as a "crime of violence": (1) The offense may qualify under the "force clause;" or (2) The offense may qualify under the "residual clause." Under the "force clause," any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" is a "crime of violence." See Simms, 914 F.3d at 233(Under the "force clause," courts "look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force.") Count Four charged Petitioner with possessing a firearm in furtherance of a drug trafficking offense ***and*** crime of violence "as more fully set forth in Counts One, Two, and Three of this indictment." In Count Three, Petitioner was clearly charged was conspiracy to commit robbery in violation of 18 U.S.C. § 1951 (conspiracy to commit Hobbs Act robbery). Petitioner does not dispute that he was properly convicted of the conspiracy to commit Hobbs Act robbery as charged in Count Three, but contends that such a conviction does not constitute a "crime of violence" for purposes of Section 924(c). Although the Seventh Circuit has clearly held

---

timeliness of a petitioner's Section 2255 Motion should be determined by the sentencing court.

Hobbs Act robbery is a "crime of violence" that can serve as a predicate for a conviction under Section 924(c), the Seventh Circuit has not addressed the issue as to whether *conspiracy* to commit Hobbs Act robbery is a "crime of violence." See Rivera, 847 F.3d at 848-49; also see United States v. Starwalt, 701 Fed.Appx. 508 (7th Cir. 2017)("Although this court held in [*Cardena*], that the 'residual clause' in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, Hobbs Act robbery still qualifies as a crime of violence under the 'elements clause' in § 924(c)(3)(A).") In Starwalt, the Seventh Circuit acknowledged that the defendant also argued that his Section 924(c) conviction was predicated on the conspiracy to commit Hobbs Act robbery and defendant argued such an offense was not a crime of violence for purposes of Section 924(c). Starwalt, 701 Fed.Appx. at 510. Although the Seventh Circuit acknowledged that the foregoing was an issue of first impression for the Court, the Court decided that it need not reach the merits of the issue because the argument was waived. Id. District courts within the Seventh Circuit considering the issue have determined that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under Section 924(c) post-Johnson. See United States v. Adams, 2018 WL 3141829, * 2 (N.D.Ill. June 27, 2018)(collecting numerous cases); Horne v. United States, 2018 WL 1378976, * 3 – 4 (S.D.In. March 19, 2018); also see Simms, 914 F.3d at 233(finding that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under the "force clause" of Section 924(c) and the "residual clause" of Section 924(c) is unconstitutionally vague). Case law, therefore, indicates that Petitioner's conviction for conspiracy to commit Hobbs Act robbery may not serve as a predicate "crime of violence" for purposes of upholding his Section 924(c) conviction.

Therefore, Petitioner argues that his Section 924(c) conviction as to Count Four must be

vacated because jurors had multiple crimes to consider in a single count to convict him of the Section 924(c) offense without reaching a unanimous agreement as to which crime it was that Petitioner possessed the firearm. Since a general verdict of guilty was returned as to Count Four, Plaintiff argues that it is impossible to determine which of the three distinct offenses charged in Count Four (Counts One, Two, or Three) was the predicate offense supporting his Section 924(c)(1) conviction. The undersigned agrees that although the jury clearly convicted Petitioner of Counts One, Two, and Three, it is unclear as to which of these offenses (Count One, Two, or Three) the jury determined Petitioner possessed a firearm in furtherance of to support the Section 924(c) conviction. Similar to the facts of the instant case, the Eleventh Circuit determined that a defendant was entitled to file a successive Section 2255 Motion to challenge his Section 924(c) conviction. In re Gomez, 830 F.3d 1225 (11th Cir. 2016). In Gomez, the jury returned a general verdict for a duplicitous count in defendant's indictment charging him with possessing a firearm in relation to a crime of violence *and* a drug trafficking crime. Id.(concluding that defendant's indictment was duplicitous where it charged "a crime of violence and a drug trafficking crime" as the companion convictions for his Section 924(c) offense). As the predicate offenses in Gomez, the indictment referenced a drug trafficking crime along with conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery. Id. The Eleventh Circuit determined that the general verdict did not reveal any unanimous finding by the jury as to which predicate offense supported the Section 924(c) conviction. Id.[7] The Eleventh Circuit explained that the jury may have found

---

[7] The Eleventh Circuit stated as follows:
> And we can't know what, if anything, the jury found with regard to Gomez's connection to a gun and these crimes. That is because *the jurors had multiple crimes to consider in a single count*, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it

that defendant only possessed the firearm during the Hobbs Act conspiracy offense, which is not a predicate offense, or during the attempt to commit Hobbs Act robbery, which may not have categorically qualified as a crime of violence. Id. Similar to Gomez, the undersigned finds that it is unclear as to which offense (Counts One, Two, or Three) the jury determined Petitioner possessed a firearm in furtherance of to support his Section 924(c) conviction.

Since the general verdict did not reveal any unanimous finding by the jury as to which predicate offense supported Petitioner's Section 924(c) conviction, and the likelihood that such a predicate offense may no longer qualify as "crime of violence" based upon Johnson and Dimaya, the undersigned respectfully recommends that Petitioner's Section 2241 Petition and Memorandum in Support (Document Nos. 1 and 2) be construed as Motion for Authorization to File a Successive Section 2255 Motion and transferred to the Seventh Circuit for consideration. To the extent Petitioner objects to the re-characterization of his Section 2241 Petition and Memorandum in Support as a Motion Requesting Permission to File a Successive Section 2255 Motion, the undersigned respectfully recommends that his Section 2241 Petition be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss or, in the Alternative, to

---

> was that Gomez possessed the firearm. Or, they could have unanimously agreed that he possessed a firearm at some point during the Hobbs Act conspiracy, but not during the drug trafficking crime. *Either way, a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of the predicate offense, or guilty of conspiring during some and not others.*

In re Gomez, 830 F.3d at 1227(emphasis in original).

Transfer (Document No. 10). Specifically, the undersigned recommends that the District Court **CONSTRUE** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 and Memorandum in Support (Document Nos. 1 and 2) as a Motion Requesting Permission to File a Successive Section 2255 Motion, and **TRANSFER** it to the Seventh Circuit Court of Appeals. To the extent Petitioner objects to the foregoing, the undersigned recommends that Petitioner's Section 2241 Petition be **DISMISSED**.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: February 28, 2019.

                                                    Omar J. Aboulhosn
                                                  United States Magistrate Judge